**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

HAYWOOD ARMSTRONG,

            Plaintiff,

vs.                                          Case No. 3:11-cv-1129-J-34JRK

MICHAEL J. ASTRUE,
Commissioner of Social Security,

            Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

### I. Status

Haywood Armstrong ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is a result of ankylosing spondylitis. See Transcript of Administrative Proceedings (Doc. No. 14; "Tr." or "administrative transcript"), filed February 2, 2012, at 328. On February 14, 2007, Plaintiff filed applications for DIB and SSI, alleging an onset date of July 5, 2006. Tr. at 230-32,[2] 259-65.[3] Plaintiff's applications were denied initially, see Tr. at 67-68, 70-71, and were denied upon reconsideration, see Tr. at 74-75.

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida ("Local Rule(s)"), within fourteen (14) days after service of this document. Failure to file timely objections waives a party's right to de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

[2] A duplicate of the application is found in the administrative transcript on pages 266-68.

[3] A second application for SSI was completed on February 14, 2007. Tr. at 238-45. There are some differences between the two SSI applications; however, the alleged onset date is the same in both applications.

On January 11, 2010, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff and a vocational expert ("VE") testified.[4] Tr. at 31-59. At the time of the hearing, Plaintiff was forty-four (44) years old. Tr. at 230 (indicating Plaintiff's date of birth). The ALJ issued a Decision on February 5, 2010, finding Plaintiff not disabled through the date of the Decision. Tr. at 15-24. On September 13, 2011, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On November 15, 2011, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises two issues on appeal. See Plaintiff's Brief (Doc. No. 17; "Pl.'s Br."), filed April 3, 2012. First, Plaintiff argues that the ALJ failed to properly consider whether Plaintiff meets Listing 14.09C.[5] See Pl.'s Br. at 6-10. Second, Plaintiff contends the ALJ's RFC assessment in her written Decision and the hypothetical presented to the VE at the hearing were flawed. Id. at 10-13. Regarding the first argument, Defendant asserts that Plaintiff failed to produce evidence sufficient to show he meets Listing 14.09C. See Defendant's Memorandum in Support of the Commissioner's Decision (Doc. No. 18; "Def.'s Mem."), filed May 31, 2012, at 4-8. As to the second argument, Defendant contends that the ALJ properly considered all medical evidence in finding Plaintiff can still perform some work.

---

[4] Based on the hearing transcript, the January 11, 2010 hearing was not the first hearing Plaintiff had before the ALJ. See Tr. at 33-34. No other transcript, however, appears in the record.

[5] Plaintiff cites Listing 14.09B throughout his Brief as the Listing addressing ankylosing spondylitis. However, the correct citation to that Listing is 14.09C. See 20 C.F.R. Pt. 404, Subpart P, App. 1. Apparently, in 2008, Listing 14.09B (the one cited and quoted by Plaintiff) was renumbered to 14.09C, and the criteria required to meet the listing changed. See Revising Medical Criteria for Evaluating Immune System Disorders, 73 Fed. Reg. 14570-01, 2008 WL 706493, at *14573, *14576 (Mar. 18, 2008).

See Def.'s Mem. at 8-14.  After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned recommends that the Commissioner's final decision be affirmed for the reasons explained herein.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry.  See Tr. at 17-24.  At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since July 5, 2006, the alleged onset date."  Tr. at 17 (emphasis and citation omitted).  At step two, the ALJ found Plaintiff suffers from "the following severe impairment: ankylosing spondylosis/arthritis of the spine."  Tr. at 17 (emphasis and citation omitted).  At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments

---

[6] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 18 (emphasis and citation omitted).

The ALJ determined Plaintiff's residual functional capacity ("RFC") as follows:

> [Plaintiff can] perform sedentary to light work. He can lift and/or carry 20 pounds occasionally and 10 pounds frequently. He can sit 4 hours (60 minutes at one time), stand 2 hours (30 minutes at one time), and walk 2 hours (30 minutes) at one time in an 8-hour workday. He must be able to shift positions from sitting, standing, and walking. [ Plaintiff] can frequently handle, finger, and feel; and occasionally reach and push/pull. He can occasionally climb stairs and ramps, balance, stoop, kneel, crouch, and crawl; but never climb ladders or scaffolds. He must avoid exposure to unprotected heights.

Tr. at 18 (emphasis omitted). At step four, the ALJ found Plaintiff "is unable to perform any past relevant work" as a forklift operator. Tr. at 22 (emphasis and citation omitted). At step five, after "[c]onsidering [ Plaintiff's] age, education, work experience, and [RFC]," the ALJ found "there are jobs that exist in significant numbers in the national economy that [ Plaintiff] can perform," Tr. at 22 (emphasis and citation omitted), including photograph finisher, ticket taker, labeler, photograph mounter, and food and beverage order clerk, Tr. at 23. The ALJ concluded that Plaintiff "has not been under a disability . . . from July 5, 2006, through the date of th[e D]ecision." Tr. at 23 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere

scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As noted above, Plaintiff raises two issues on appeal. To place the issues in context, the undersigned first summarizes pertinent portions of two medical opinions that were relied upon by the ALJ. Then, each issue is analyzed in turn.

On April 10, 2007, Afzal H. Khan, M.D. ("Dr. Khan") examined Plaintiff and apparently sometime thereafter completed a Physical RFC Questionnaire.[7] Tr. at 504-06. Dr. Khan opined that in an eight-hour workday, Plaintiff could sit for about four hours and could

---

[7] Dr. Khan dated the questionnaire "2/15" but did not include the year. Tr. at 506.

stand/walk for about four hours. Tr. at 504. According to Dr. Khan, Plaintiff needed a job which would permit him to shift positions at will. Tr. at 504.

On July 20, 2009, Plaintiff was examined by Robert B. Dehgan, M.D. ("Dr. Dehgan"). Tr. at 507. Dr. Dehgan concluded that Plaintiff suffered from chronic pain and ankylosing spondylitis. Tr. at 509. Regarding Plaintiff's ability to work, Dr. Dehgan opined that Plaintiff "would not be able to return to work as a heavy equipment or forklift operator, however he should be able to work in a sedentary type manner with periodic standing and walking." Tr. at 509. Specifically, Dr. Dehgan noted that Plaintiff could sit for a total of four hours in an eight-hour workday, stand for a total of two hours in an eight-hour workday, and walk for a total of two hours in an eight-hour workday. Tr. at 514.

### A. Listing 14.09C (Issue One)

Plaintiff argues that "[t]he ALJ failed to consider whether [Plaintiff] satisfied Listing 14.09[C] at step three of h[er D]ecision."[8] Pl.'s Br. at 8. Specifically, Plaintiff contends that

---

[8] As noted above, Listing 14.09C addresses ankylosing spondylosis. Ankylosing spondylosis is defined as follows:

Inflammatory arthritis. As described in 14.00D6. With:

C. Ankylosing spondylitis or other spondyloarthropathies, with:

1. Ankylosis (fixation) of the dorsolumbar or cervical spine as shown by appropriate medically acceptable imaging and measured on physical examination at 45° or more of flexion from the vertical position (zero degrees); . . . .

20 C.F.R. Pt. 404, Subpt. P, App. 1. Section 14.00D6 of the Listings provides, in part, as follows:
  e. How we evaluate inflammatory arthritis under the listings.

  (i) Listing-level severity in 14.09A and 14.09C1 is shown by an impairment that results in an "extreme" (very serious) limitation. . . . In 14.09C1, if you have the required ankylosis (fixation) of your cervical or dorsolumbar spine, we will find that you have an extreme limitation in your ability to see in front of you, above you, and to the side. Therefore, inability to ambulate effectively is implicit in 14.09C1, even though you might not require bilateral upper limb assistance.

20 C.F.R. Pt. 404, Subpt. P, App. 1.

"[t]he ALJ did not mention any listings at all, let along Listing 14.09[C]." Id. Plaintiff continues, "Instead of making a determination, the ALJ went beyond step three and rejected this issue based on h[er] unrelated functional findings at steps four and five." Id. at 8-9.

At step three of the sequential evaluation process, the burden rests on the claimant to prove the existence of a listing level impairment. Carnes v. Sullivan, 936 F.2d 1215, 1218 (11th Cir. 1991). Mere diagnosis of a listed impairment is not sufficient. See, e.g., id.; see also Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002). "To meet a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." Wilson, 284 F.3d at 1224 (internal quotations and citations omitted). "To equal a Listing, the medical findings must be at least equal in severity and duration to the listed findings." Id. (internal quotations and citations omitted).

Here, clearly the ALJ considered Plaintiff's diagnosis of "ankylosing spondylosis" because the ALJ found it to be a severe impairment at step two of the sequential evaluation process. Tr. at 17. As noted above, at step three, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 18 (emphasis and citation omitted). Specifically, the ALJ explained that "[d]espite [ Plaintiff's] combined impairments, the medical evidence does not document listing level severity, and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listing, individually or in combination." Tr. at 18 (emphasis added).

Further, at the hearing held before the ALJ, the ALJ specifically addressed Listing 14.09C at the request of Plaintiff's former counsel. See Tr. at 42-44. The ALJ opined on the record that the medical evidence, specifically the medical opinions of Drs. Kahn and Dehgan, does not support a finding that Plaintiff meets Listing 14.09C. Tr. at 43-44. The ALJ's opinion expressed at the hearing mirrors her finding and explanation in her written Decision. In her Decision, after summarizing the medical evidence of record, including the opinions of Drs. Kahn and Dehgan, see Tr. at 17-22, the ALJ assigned great weight to Dr. Dehgan's opinion and "appropriate weight" to Dr. Kahn's opinion, Tr. at 20. Plaintiff does not take issue with the weight assigned to either opinion. The ALJ's findings and her explanation of those findings reflect that she properly considered whether Plaintiff met the listing. See generally Harris v. Comm'r of Soc. Sec., No. 6:08-cv-886-Orl-GJK, 2009 WL 1783434, at *10 (M.D. Fla. June 18, 2009) (unpublished) (finding no error in an ALJ's step three analysis when the ALJ found an impairment to be severe but indicated the impairment does not meet or medically equal a listing) (citing Wilson, 284 F.3d at 1224-25, in which an ALJ's finding that a plaintiff's impairments did not meet or medically equal any listing was found to be sufficient evidence that the ALJ considered the listings).

Plaintiff's argument that the ALJ erred by using her findings at steps four and five to justify her step three finding is unavailing. See Pl.'s Br. at 8-9. Plaintiff contends, "Instead of making a determination [as to whether Plaintiff met Listing 14.09C], the ALJ went beyond step three and rejected this issue based on h[er] unrelated functional findings at steps four and five." Id. Essentially, Plaintiff asserts that the ALJ should have found Plaintiff meets Listing 14.09C and should have ended the inquiry there. See id. Instead, says Plaintiff, the

ALJ determined Plaintiff could do some work and used that finding to imply that Plaintiff does not meet any listing. See id. at 9 (citing Tr. at 43). Plaintiff specifically points to the following statements made by the ALJ at the hearing: "'I think Dr. Khan and Dr. Dehgan both have. They both basically said that [Plaintiff] can do sit, stand.'" See id. (citing Tr. at 43).[9] The undersigned, however, considering the context of the ALJ's statements, determines that the ALJ was attempting to explain to Plaintiff's former counsel that no medical source opined that Plaintiff meets Listing 14.09C; that none of the medical evidence in the record supports a finding that Plaintiff meets Listing 14.09C; and that Plaintiff is capable of performing some work.

Upon review, the undersigned finds that the ALJ did not err at step three of the sequential evaluation process. The ALJ properly considered the medical evidence of record and determined that Plaintiff failed to demonstrate that he meets any listing. The ALJ's Decision is supported by substantial evidence.

### B. RFC Assessment and Hypothetical (Issue Two)

Plaintiff makes two separate arguments in relation to his second issue. First, Plaintiff argues that "the ALJ's RFC assessment goes beyond h[er] finding of limitations in sitting and standing and h[er] finding giving great weight to Dr. Dehgan's opinion." Pl.'s Br. at 10. The gist of this argument is that the ALJ erred in finding Plaintiff can perform sedentary work

---

[9] Plaintiff claims in his Brief that the ALJ made these statements in response to Plaintiff's former counsel requesting "a consultative exam . . . ." Pl.'s Br. at 9. The undersigned mentions this to point out that Plaintiff's counsel at the hearing did not ask for a consultative exam; in fact, Plaintiff's former counsel specifically stated, "[W]e don't need another exam . . . . I'm wondering if you could possibly have [a physician] look at the file and make a determination of whether [Plaintiff meets] 1409 and what he feels the [RFC] would be." Tr. at 42. Plaintiff's counsel's request to have a nonexamining physician review Plaintiff's records was denied by the ALJ due, in part, to the fact that the record contained sufficient evidence from examining physicians for the ALJ to render an informed decision.

or light work, because such work requires sitting or standing in excess of Plaintiff's limitations. See id. at 10-11. Second, Plaintiff argues that "the ALJ found [Plaintiff] not disabled based on [VE] testimony in response to [the ALJ's] hypothetical question" which did not include all of Plaintiff's impairments. Id. at 11. In this regard, Plaintiff specifically contends that "the ALJ did not include [Plaintiff's] limitation of sitting four hours and standing two hours in an eight hour workday in h[er] hypothetical question." Id.

### 1. RFC Assessment

At the hearing held before the ALJ, the ALJ posed three hypotheticals to the VE. See Tr. at 46-49. The third hypothetical, the one eventually adopted as Plaintiff's RFC in the ALJ's written Decision, was based on the medical opinion of Dr. Deghan. Tr. at 47-48. In relevant part, the ALJ's hypothetical was as follows: Plaintiff "can sit for four hours, stand for two, walk for two, again, I'm interpreting that as a sit with a sit, stand option." Tr. at 47. In response, the VE opined that Plaintiff would be able to perform a variety of jobs in the sedentary and light job categories. Tr. at 48-49, 54-55. The VE explained that there could be some numerical erosion in the number of positions available in the national economy given Plaintiff requires a sit/stand option, but that it would ultimately depend on each individual employer. Tr. at 49-50.

In her written Decision, the ALJ relied on the testimony of the VE to conclude that Plaintiff could perform certain jobs in the sedentary and light categories. See Tr. at 23. The ALJ's RFC assessment included the following sit/stand/walk limitations: Plaintiff "can sit 4 hours (60 minutes at one time), stand 2 hours (30 minutes at one time), and walk 2 hours (30 minutes) at one time." Tr. at 18. Plaintiff, relying on the definitions of sedentary and

light work provided for in the Social Security Rulings and the Regulations, argues that "sedentary work requires sitting for six hours" yet, Plaintiff "can only sit four hours"; and that "light work requires standing for six hours[,]" but Plaintiff "can only stand two hours." Pl.'s Br. at 10-11.

Although Plaintiff is correct that the definitions of sedentary[10] and light work[11] provided for in the Social Security Rulings and the Regulations require more sitting and standing than Plaintiff can do, those definitions describe the full range of sedentary and light work. See SSR 96-9p, 1996 WL 374185, at *3; SSR 83-10, 1983 WL 31251, at *5; see also 20 C.F.R. §§ 404.1567, 416.967. Here, Plaintiff has specific limitations that do not allow him to perform the full range of sedentary and light work. For that reason, the ALJ employed the use of a VE. See SSR 96-9p, 1996 WL 374185, at *7 (emphasis added) (recognizing that "[i]t may be especially useful" to employ the use of a VE when an individual must

---

[10] Sedentary work is described as follows:

> Although a sedentary job is defined as one that involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. "Occasionally" means occurring from very little up to one-third of the time, and would generally total no more than about 2 hours of an 8-hour workday. Sitting would generally total about 6 hours of an 8-hour workday.

SSR 96-9p, 1996 WL 374185, at *3; see also 20 C.F.R. §§ 416.967, 404.1567.

[11] Light work is described as follows:

> [L]ifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted in a particular light job may be very little, a job is in this category when it requires a good deal of walking or standing--the primary difference between sedentary and most light jobs. A job is also in this category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work . . . .

SSR 83-10, 1983 WL 31251, at *5; see also 20 C.F.R. §§ 416.967, 404.1567.

"alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically" because "the occupational base for a full range of unskilled sedentary work will be eroded"). The VE, an expert on the types of jobs a person can perform, opined that Plaintiff could perform some jobs in the sedentary and light categories, while recognizing that the occupational base would be eroded, but not depleted, due to Plaintiff's requirement for a sit/stand option. See Tr. at 49-54. In sum, the ALJ's RFC assessment and her reliance on the VE's testimony are supported by substantial evidence.

### 2. Hypothetical to the VE

Plaintiff's argument regarding the ALJ's lack of inclusion of certain limitations in the hypothetical to the VE is unavailing. In the fifth step of the sequential evaluation process, an ALJ may pose a hypothetical question to a VE as part of his determination of whether the claimant can obtain work in the national economy. See 20 C.F.R. § 416.920(a)-(f). When the ALJ relies on the testimony of a VE, "the key inquiry shifts from the RFC assessment in the ALJ's written decision to the adequacy of the RFC description contained in the hypothetical posed to the VE." Corbitt v. Astrue, No. 3:07-cv-518-J-HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr. 17, 2008) (unpublished). In determining an individual's RFC and later posing a hypothetical to a VE that includes the RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184, at *5; see also 20 C.F.R. § 404.1545(a)(2); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)); Hudson v. Heckler, 755 F.2d 781, 785 (11th Cir. 1985)

(stating that "[w]here a claimant has alleged a multitude of impairments, a claim . . . may lie even though none of the impairments, considered individually, is disabling") (internal quotation and citations omitted).  "In order for a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  Wilson, 284 F.3d at 1227 (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999)); see also Loveless v. Massanari, 136 F. Supp. 2d 1245, 1250 (M.D. Ala. 2001).

Contrary to Plaintiff's argument that the ALJ did not include all of Plaintiff's limitations in the hypothetical, the ALJ specifically identified the hourly limitations Plaintiff has regarding his ability to sit, stand, and walk.  See Tr. at 47.  Apparently, the ALJ interpreted those limitations as requiring a sit/stand option, because the ALJ informed the VE that Plaintiff "can sit for four hours, stand for two, walk for two, again, I'm interpreting that as a sit with a sit, stand option."  See Tr. at 47.  The ALJ then adopted those same limitations in her RFC assessment in her written Decision.  Plaintiff does not quarrel with the specific hourly limitations identified by the ALJ.  In his Brief, however, Plaintiff selectively quotes only the portion of the ALJ's hypothetical that states Plaintiff requires a "sit/stand option" and leaves out the preceding statement in which the ALJ delineated the number of hours Plaintiff could sit, stand, and walk in an eight-hour workday.  Pl.'s Br. at 11.  Moreover, the VE did not question the ALJ nor did the VE express any confusion as to what specific limitations the ALJ imposed.  See Tr. at 48-50.  The ALJ included Plaintiff's limitations regarding his ability to sit, stand, and walk in the hypothetical, and the ALJ appropriately relied on the VE's testimony.

## V.  Conclusion

Upon review, the ALJ's Decision is supported by substantial evidence.  No error can be found in the ALJ's determination that Plaintiff does not meet any listing, nor can error be found in the ALJ's formulation of the hypothetical, reliance on the VE's testimony, or the ALJ's RFC assessment.  After due consideration, it is

**RECOMMENDED**:

1. That the Clerk of Court be directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and pursuant to 42 U.S.C. § 1383(c)(3) **AFFIRMING** the Commissioner's final decision.

2. That the Clerk of Court be further directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on January 14, 2013.

_____
JAMES R. KLINDT
United States Magistrate Judge

jld
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of record