**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

HAYWOOD ARMSTRONG,

    Plaintiff,

v.                                        Case No. 3:11-cv-1129-J-34JRK

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

**ORDER**

**THIS CAUSE** is before the Court on Magistrate Judge James R. Klindt's Report and Recommendation (Doc. No. 19; Report), entered on January 14, 2013.  In the Report, the magistrate judge recommends that Commissioner of the Social Security Administration's final decision be affirmed.  See Report at 14.  On January 24, 2013, Plaintiff filed his Objection to Report and Recommendation Dated January 14, 2013 (Doc. No. 20; Objection).  Defendant responded in opposition to Plaintiff's Objection on February 4, 2013.  See Defendant's Repsonse [sic] to Plaintiff's Objection to Report and Recommendation (Doc. No. 21; Response).  Thus, the matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1).  However, the district court must review legal conclusions

de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Although Plaintiff raised two issues in his appeal of the Administrative Law Judge's (ALJ) determination that he was not disabled, see generally Plaintiff's Brief (Doc. No. 17; Brief), he raises only one objection to the Report recommending that the Commissioner's determination be affirmed. See Objection at 2-8. In his Objection, Plaintiff reiterates his argument that the ALJ did not consider whether Plaintiff met Listing 14.09C and adds that the ALJ improperly denied his request to submit a limited interrogatory to Dr. Dehgan, one of the doctors who conducted a consultative exam. See id. Relying on an exchange between his attorney and the ALJ at the hearing, Plaintiff contends that the ALJ skipped step three of the five-step sequential analysis for determining whether he was disabled and found that he could perform some work. See Objection at 4-5, 7-8.

The magistrate judge considered the context of the ALJ's statements and determined "that the ALJ was attempting to explain to Plaintiff's former counsel that no medical source opined that Plaintiff meets Listing 14.09C; that none of the medical evidence in the record supports a finding that Plaintiff meets Listing 14.09C; and that Plaintiff is capable of performing some work." Report at 9. Plaintiff contends that both the magistrate judge and the ALJ misunderstood the role of the doctors who conducted Plaintiff's consultative exams because they were not supposed to address whether Plaintiff met the listing requirements in their opinions. Objection at 6-7. For that reason, Plaintiff argues, he wanted to submit an interrogatory to at least one of the doctors who examined

him "to specifically ask [the doctor] his opinion as to whether or not [Plaintiff] meets Listing 14.09." Id. at 7.

Essentially, Plaintiff is arguing that, while meeting the listing creates an irrebuttable presumption of disability, the ability to perform some work does not permit the ALJ to assume that he does not meet the listing. He relies on the ALJ's statements at the hearing, specifically questioning the purpose of finding a doctor to review the file and opine as to whether Plaintiff meets a listing, to conclude that the ALJ had such a misinterpretation of the law. However, as the magistrate judge explained, the ALJ did not make such an assumption in this case. Instead, the ALJ first found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R Part 404, Subpart P, Appendix 1. See Transcript of Administrative Proceedings (Doc. No. 14; Transcript) at 18. The ALJ expressly found that "the medical evidence does not document listing level severity, and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listing, individually or in combination." Id. These findings are sufficient evidence that the ALJ considered whether Plaintiff's impairment met or medically equaled a listing. See Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002).

Further, Plaintiff has not established that the ALJ had a duty to contact Dr. Dehgan to specifically ask him whether Plaintiff met Listing 14.09C. Plaintiff quotes both 20 C.F.R. § 404.1519n(c)(6) and an SSA publication for the proposition that both doctors were directed to give an opinion about what Plaintiff could do despite his impairment but cautioned not to include whether the claimant was disabled under the law. See Objection

at 6-7. However, Plaintiff's quotation of 20 C.F.R. § 404.1519n ignores the additional directive that "[t]he medical report must be complete enough to help us determine the nature, severity, and duration of the impairment, and residual functioning capacity." 20 C.F.R. § 404.1519n(b). A consultative examination also includes "[t]he results of laboratory and other tests (e.g., X-rays) performed according to the requirements stated in the Listing of Impairments[.]" 20 CFR § 404.1519(c)(4). This comports with the purpose of a consultative exam, that is to supplement the medical information a plaintiff provides so that the ALJ has all the medical information necessary to determine if the plaintiff is disabled, which includes whether the plaintiff meets a listing. See 20 C.F.R. §§ 404.1512(e), 1519a(a).

If a consultative examination report is inadequate or incomplete, pursuant to 20 C.F.R. § 416.919p(b), the ALJ should then "contact the medical source who performed the consultative examination," explain the need for additional information and request such information. Here, the doctors' reports were not incomplete or inadequate; they simply did not support a finding that Plaintiff met any listed impairment. The ALJ was therefore not under an obligation to submit an interrogatory to Dr. Dehgan when sufficient detail existed for the ALJ to make her decision. As such, the magistrate judge correctly recommended that the Commissioner's decision be affirmed on this ground and Plaintiff's objection is due to be overruled. Additionally, upon independent review, and for the reasons stated in the Report, the Court will accept the magistrate judge's conclusions with respect to the second issue raised in Plaintiff's appeal.

Accordingly, it is hereby **ORDERED:**

1. Plaintiff's Objection to Report and Recommendation Dated January 14, 2013 (Doc. No. 20) is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. No. 19) is **ADOPTED**.

3. The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and pursuant to 42 U.S.C. § 1383(c)(3) **AFFIRMING** the Commissioner's final decision.

4. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 19th day of February, 2013.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc16

Copies to:

Counsel of Record